NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO CHACON, | No. 18-71515 |
| Petitioner, | Agency No. A094-766-759 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2020**
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

Ricardo Chacon, a native and citizen of El Salvador, seeks review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order denying Chacon's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In a published opinion

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

issued concurrently with this memorandum disposition, we held that Chacon's conviction under 18 U.S.C. § 922(a)(1)(A) qualifies as an aggravated felony that rendered Chacon ineligible for asylum. We now reject Chacon's other arguments and deny his petition for review.

1.    The BIA did not abuse its discretion in adopting the IJ's finding that Chacon committed a particularly serious crime, rendering him ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii); *see also Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (standard of review). Because Chacon was sentenced to less than five years, his aggravated felony conviction is not "*per se* a particularly serious crime." *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019); *see also* 8 U.S.C. § 1231(b)(3)(B). But the agency still had the power to determine through case-by-case adjudication that Chacon's conviction qualifies as a particularly serious crime. *Avendano-Hernandez*, 800 F.3d at 1078.

Our review of the agency's decision "is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." *Id.* at 1077 (quotations and alterations omitted). The relevant factors are set forth in *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982). Under *Frentescu*, the BIA "ask[s] whether the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a

danger to the community." *Avendano-Hernandez*, 800 F.3d at 1077 (quotations omitted).

The agency in this case considered the proper factors under *Frentescu*. The IJ noted that Chacon was convicted of an offense "which could potentially cause grave harm to the persons or property of the United States." The IJ also considered Chacon's 30-month sentence, which was "significant and lengthy." The IJ further considered the "nature and circumstances of the crime" by looking to the sentencing judge's characterization of Chacon's crime and finding that the offense was "extremely dangerous and serious." The IJ thus did not abuse its discretion in finding Chacon ineligible for withholding of removal.[1]

2.      Substantial evidence supports the denial of CAT relief. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (standard of review). To qualify for CAT relief, Chacon must have "establish[ed] that it is more likely than not that [he] would be tortured if returned to [El Salvador]." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). This torture must also be "inflicted by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 208.18(a)(1). Chacon has not experienced past torture. Nor has Chacon put forward evidence that would compel the conclusion that the government of El

---

[1] We thus need not address the IJ's independent determination that Chacon also failed to show he would be persecuted on account of membership in a cognizable particular social group.

3

Salvador or private actors with government consent or acquiescence would torture Chacon.

     **PETITION DENIED.**